# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 1:17-cv-01301- LJO-EPG-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner appears to challenge his 2016 Kern County Superior Court conviction.

## I.

### DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's

1

alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Here, Petitioner states that he sought relief for his claims by filing complaints with: the Kern County Sheriff's Office (ECF No. 1 at 2, 20–22, 25)[1]; the Bakersfield Police Department (ECF No. 1 at 3, 48); and the Kern County Grand Jury (ECF No. 1 at 3, 52). The Court also notes that the attachments to the petition demonstrate that Petitioner also filed letters with the Los Angeles County Civil Grand Jury, the United States Department of Justice's Civil Rights Division, the Office of the Attorney General, and the Office of the Inspector General. (ECF No. 1 at 31–34, 36–40, 44–46, 53). Petitioner also filed a state habeas petition in the Kern County Superior Court. (ECF No. 1 at 6, 56).

Although Petitioner has sought relief with various entities, it appears that Petitioner has not presented any of his claims to the California Supreme Court. (ECF No. 1 at 5–6). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner shall show cause why the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    Petitioner is forewarned that failure to follow this order may result in dismissal of the

2    petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or

3    to comply with a court order may result in a dismissal of the action).

4

5    IT IS SO ORDERED.

6    Dated:    **November 6, 2017**                    /s/ Erica P. Grosjean

7                                                      UNITED STATES MAGISTRATE JUDGE