**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,[1]<br><br>Respondents. | Case No. 1:17-cv-01301-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO STAY AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 13) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition is unexhausted, and Petitioner has moved for a stay while he returns to state court to exhaust the claims. As Petitioner has failed to establish that the unexhausted claims are potentially meritorious, the undersigned recommends denial of the motion for stay and dismissal of the petition.

**I.**

**BACKGROUND**

On September 27, 2017, Petitioner filed a petition for writ of habeas corpus, which appears to challenge his 2016 Kern County Superior Court conviction. (ECF No. 1 at 1).[2] However, Petitioner circled "No" in response to the question of whether he was challenging the

---

[1] Petitioner has not named a proper respondent, such as the warden of the facility in which he is held or the chief officer in charge of state penal institutions. See Rule 2(a), Rules Governing Section 2254 Cases; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Generally the Court gives a petitioner an opportunity to amend the name of the respondent, but here amendment is futile because the Court recommends that the petition be dismissed for nonexhaustion.
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

validity of his conviction or sentence as imposed. (Id. at 4). In the petition, Petitioner raises the following claims: (1) violations of the Fourth Amendment for reading Petitioner's brain with electric signals from satellites and drones; (2) violations of the Fifth Amendment for denying Petitioner the right to remain silent and never reading Petitioner his rights; (3) violations of the Sixth Amendment for denying Petitioner his right to be informed of the nature of charges against him and failing to take Petitioner before a judge; (4) violations of the Eighth Amendment for being made to suffer from electrocution from satellite and drone signals; and (5) violations of equal protection. (ECF No. 1 at 6–9).

On November 6, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 12). In response, Petitioner filed a motion to stay on December 1, 2017. (ECF No. 13).

## II.

## DISCUSSION

A petitioner in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner states that he sought relief for his claims by filing complaints with: the Kern County Sheriff's Office (ECF No. 1 at 2, 20–22, 25); the Bakersfield Police Department (ECF No. 1 at 3, 48); and the Kern County Grand Jury (ECF No. 1 at 3, 52). Attachments to the petition demonstrate that Petitioner also filed letters with the Los Angeles County Civil Grand Jury, the United States Department of Justice's Civil Rights Division, the Office of the Attorney General, and the Office of the Inspector General. (ECF No. 1 at 31–34, 36–40, 44–46, 53). Additionally, Petitioner filed a state habeas petition in the Kern County Superior Court. (ECF No. 1 at 6, 56).

Although Petitioner has sought relief with various entities, Petitioner has not presented any of his claims to the California Supreme Court. (ECF No. 1 at 5–6). If Petitioner has not

sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

Petitioner appears to acknowledge that his petition is unexhausted and requests the Court to hold the petition in abeyance pending resolution of the unexhausted claims in state court pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 13 at 1). Under Rhines v. Weber, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78.

Petitioner argues that he is entitled to a Rhines stay because he is proceeding *pro se*, lacks legal experience, and is not familiar with habeas corpus procedure. (ECF No. 13 at 1). The Ninth Circuit has held that "the statement that 'there was no counsel' in [a petitioner]'s state post-conviction case is sufficient to establish good cause" and satisfy the first element of the Rhines test. Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017). Accordingly, the Court finds that Petitioner has established good cause for his failure to exhaust.

The Court finds, however, that Petitioner has not demonstrated that his unexhausted claims are potentially meritorious. In his first and fourth claims for relief, Petitioner alleges that the government is reading his brain with electric signals from satellites and drones and that he is being electrocuted by said satellite and drone signals. (ECF No. 1 at 7, 9). Petitioner's allegations are patently incredible and Petitioner does not present any evidence in support of his allegations. In his second, third, and fifth claims for relief, Petitioner alleges violations of the Fifth, Sixth, and Fourteenth Amendments, but does not provide facts supporting each claim with sufficient specificity. Rather, Petitioner merely makes general assertions, such as "denying me right to remain silent, punishing me twice with prison time," "never reading me my rights," "denying me right to know charges," and "denying me equal protection provided to other citizens of the United States of America." (ECF No. 1 at 7–8). Petitioner has not provided the Court with sufficient facts to demonstrate his unexhausted claims are potentially meritorious.

///

Although there is good cause for Petitioner's failure to exhaust, the Court finds that his unexhausted claims are not potentially meritorious. Therefore, Petitioner is not entitled to a stay under Rhines.

### III.

### RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 13) be DENIED; and
2. The petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 2, 2018**__

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE